UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BASIRAT FAJOLU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 5531 |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) | Judge Thomas M. Durkin |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Basirat Fajolu alleges that Portfolio Recovery Associates, LLC violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). R. 1. Currently before the Court is Portfolio's motion to dismiss the complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 28. For the reasons that follow, the Court denies Portfolio's motion.

**Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Portfolio, a collection agency, sent a letter dated August 7, 2017 to Fajolu, an insolvent individual, regarding the collection of an alleged $1,632.94 debt. R. 1 ¶¶ 9, 15-17, 20; *id.* 1-1, Exhibit C. Fajolu, through counsel, responded with a letter dated August 14, 2007, indicating both that Fajolu "regrets being unable to pay" due to insolvency, and that "the debt reported on the credit report is not accurate." *Id.* 1 ¶ 22; *id.* 1-1, Exhibit D. Portfolio then sent Fajolu a second letter dated September 26, 2017 indicating that he did not owe any debt and that it had "concluded its investigation of [his] dispute and is closing [his] account." *Id.* 1 ¶ 24-25; *id.* 1-1, Exhibit E. Each of the letters are attached to and referenced in the complaint. *See id.* ¶ 1. Fajolu's complaint indicates neither when he received Portfolio's letters, nor when he had reason to believe, and ultimately determined, that he did not owe Portfolio the debt alleged. *See generally* R. 1.

Fajolu filed suit on August 14, 2018 alleging that Portfolio's August 7, 2017 letter violated Sections 1692e and 1692f of the FDCPA because it "attempt[ed] to collect a debt that was not owed" and that he "owed no debt to [Portfolio]." *Id.* 1 at ¶¶ 14-35. Sections 1692e and 1692f prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and prevent a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e and 1692f.

## Analysis

Portfolio moves to dismiss the complaint pursuant to Rule 12(b)(6) as untimely. R. 28. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). However, "dismissal is appropriate when a plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found. Inc.*, 559 F.3d at 674-75.

The FDCPA provides that a claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Portfolio contends that Fajolu's FDCPA claim accrued on August 7, 2017, the date of the letter Fajolu asserts

as the basis for the complaint, and that the statute of limitations expired one year later on August 7, 2018. *Id.* 14 at 3-6. Portfolio contends that the complaint is time-barred, because it was not filed until August 14, 2018. *Id.* In response, Fajolu asserts that the date of Portfolio's September 26, 2017 letter controls, as only through this letter did Fajolu discover the alleged FDCPA violation. *Id.* 23 at 2-4.

The Seventh Circuit has not yet addressed the accrual date for a claim based upon the mailing of a letter alleged to violate the FDCPA. Other courts addressing the subject have held that the statute of limitations generally will accrue on the date of mailing. *See, e.g.*, *Panko v. Pellettieri & Assoc., P.C.*, 2004 WL 2191574, at *1 (N.D. Ill. Sep. 27, 2004) ("a violation of Section 1692e occurs at the time a false, misleading, or deceptive letter is sent because . . . the author may no longer comply with the FDCPA at that point . . ."); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (date of mailing controls for FDCPA case founded on collection letter). Thus, Fajolu's claim would accrue when Portfolio's letter was sent on August 7, 2017, as this was Portfolio's "last opportunity to comply with the FDCPA, and the mailing of the letter[ ], therefore, triggered Section 1692k(d)." *Friedman v. Anvan Corp.*, 1998 WL 559779, at *2 (N.D. Ill., Aug. 28, 1998) (quoting *Mattson v. U.S. West Commc'ns., Inc.*, 967 F.2d 259, 261 (8th Cir. 1992)).[1]

However, the resolution of Portfolio's motion turns on whether the statute of limitations should commence not on August 7, 2017 when Portfolio's first letter was

---

[1] However, by not taking into consideration the date on which a letter is received, this approach results in an injustice to the would-be plaintiff who does not receive the letter promptly, effectively shortening the one-year statute of limitations period.

sent, but on some later date, up to and including August 14, 2017, when Fajolu responded to Portfolio's first letter, or even September 26, 2017, when Fajolu alleges he discovered his FDCPA claim through Portfolio's letter of the same date. R. 23 at 2-4. The discovery rule "starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom." *Johnson-Morris v. Santander Consumer USA, Inc.*, 194 F. Supp. 3d 757, 764 (N.D. Ill. 2016) (citing *U.S. v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010)). The discovery rule is "read into statutes of limitations in federal question cases . . . in the absence of contrary directive from Congress." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) (applying discovery rule in ADEA case).

      The Seventh Circuit has not addressed whether Congress intended to preclude the application of the discovery rule to the FDCPA, but the majority of district courts have found no intent to preclude its application, and have applied the doctrine on appropriate facts. *See, e.g., Johnson-Morris*, 194 F. Supp. 3d at 763 (no congressional intent to preclude, and holding "the discovery rule applies to an FDCPA claim"); *Skinner v. Midland Funding, LLC*, 2017 WL 1134490, at *3 (N.D. Ill. Mar. 27, 2017) ("the court . . . applies the discovery rule in this [FDCPA] case"); *Sneed v. Winston Honore Holdings, LLC*, 2017 WL 467686, at *3 (N.D. Ill. Feb. 3, 2017) ("the discovery rule applies to FDCPA claims"); *Stone v. Wash. Mut. Bank*, 2011 WL 3678838, at *8 (N.D. Ill. Aug. 19, 2011) (applying discovery rule to FDCPA claim); *Greenfield v. Kluever and Platt, LLC*, 2010 WL 604830, at *2 (N.D. Ill., Feb. 16, 2010) (same); *but see Butler v. J.R.S.-I, Inc.*, No 15 C. 609, 2016 WL 1298780, at *4 (N.D. Ill. Apr. 4,

2016) (noting in dicta "the FDCPA [sic] is not 'silent' on when the limitations period begins" because it states a suit "must be brought 'within one year from the date on which the violation *occurs*'" (quoting 15 U.S.C. § 1692k(d))).[2]

Portfolio would have the Court follow the dicta in *Butler* and decline to apply the discovery rule to the FDCPA generally, but particularly in this case, because it concerns the "isolated event" of mailing a letter, as opposed to an ongoing scheme. *See* R. 24 at 3-5. The Court finds that the discovery rule should apply to the FDCPA, and is persuaded by the decisions applying the discovery rule in the analogous cases addressing a court filing to apply it here.

Just as here, the cases involved a single, triggering event of which plaintiffs were unaware: here, that the August 7, 2017 letter outlined a debt not owed, and there, that a lawsuit was filed against the plaintiffs, in each case in contravention of the FDCPA. *See Greenfield*, 2010 WL 604830, at *1-2 (applying discovery rule in FDCPA suit founded on filing of a foreclosure action, where plaintiff contended she was not aware of the action until long after filing); *Stone*, 2011 WL 3678838, at *7-8 (same); *Sneed*, 2017 WL 467686, at *3 (same). And, similar to the date of mailing here, the date of filing was the date on which the violation "occurred" for purposes of Section 1692k(d). *See Stone*, 2011 WL 3678838, at *7 (holding, as a "general rule," that an FDCPA claim founded upon the filing of a lawsuit "accrues upon the filing" of the action); *McDermott v. Barton, III*, 2014 WL 6704544, at *3 (S.D. Ill. Nov. 26,

---

[2] In *Butler*, the court declined to decide the issue, applying the doctrine of equitable tolling instead. *Butler*, 2016 WL 1298780, at *4.

2014) (where FDCPA claim arises from debt collection suit, "the limitations period begins to run from the day the suit is filed or the day the debtor is served with process"). These facts did not alter the courts' conclusions. Each applied the discovery rule to allow the case to proceed.

Fajolu contends that the date of Portfolio's September 26, 2017 letter indicating a $0.00 account balance should control as the limitations accrual date. R. 23 at 2-4. The Court is skeptical, including because Fajolu's August 14, 2017 letter to Portfolio contested the accuracy of the debt in addition to expressing regret over Fajolu's inability to pay. R. 1-1, Exhibit D ("the debt reported on the credit report is not accurate"). It is therefore unclear from the face of the complaint and its exhibits when Fajolu can fairly be said to have discovered the alleged violation. But the Court can imagine a number of scenarios consistent with the allegations in the complaint in which it would be plausible for Fajolu – an insolvent individual whose debt was in default – to initially believe he *did* owe the debt outlined in Portfolio's August 7, 2017 letter. Accordingly, the Court does not find that the contents of the August 14, 2017 letter, or any other part of the complaint or its attachments, necessarily precludes the possibility that he did not understand his injury until that or even some later date.[3]

Thus, whether the discovery rule ultimately allows Fajolu to overcome the statute of limitations is yet to be determined. But at this stage, the Court will allow

---

[3] For example, it may be that Fajolu's attorneys initially dispute debt as a matter of course and with respect to all client cases.

it to proceed. The Court notes that, provided the date of discovery was August 14, 2017 or later, the complaint was timely; even assuming an August 14, 2017 accrual date, Fajolu filed his complaint exactly 365 days later. *See Johnson-Morris*, 194 F. Supp. 3d at 763 (date upon which plaintiff could be said to be on notice of FDCPA claim "not fodder for a motion to dismiss" since complaint need not overcome affirmative defenses such as the statute of limitations); Fed. R. Civ. P. 6(a) ("in computing any time period . . . in any statute that does not specify a method of computing time . . . [w]hen the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period").

Though the argument is not fully developed, Portfolio contends that Federal Rule of Civil Procedure 6 is not applicable to Section 1692k(d) because it is a jurisdictional statute, and that even if Fajolu's claim accrued on August 14, 2017, his August 14, 2018 complaint is time-barred because it was not "within" one year as Section 1692k(d) requires. R. 14 at 6-7; R. 24 at 6. Portfolio relies upon the Eighth Circuit's decision in *Mattson v. U.S. West Commc'ns., Inc.*, 967 F.2d 259 (8th Cir. 1992). But the Seventh Circuit has held that the FDCPA's statute of limitations provision is *not* jurisdictional, and thus the Court may use Rule 6(a) to calculate the limitations period. *Marshall-Mobey v. Corp. Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Navco*, 3 F.3d 167, 173 (7th Cir. 1993)); *and see Larkin v. Fin. Sys. of Green Bay Inc. & John Does 1-25*, 2018 WL 5840769, at *3 (E.D. Wis. Nov. 8, 2018) ("Because § 1692k is not a

jurisdictional statute, the Court may use Rule 6(a) to calculate the statute of limitations period in this case").

*Mattson* is also distinguishable in any event since here, assuming an August 14, 2017 discovery date, Fajolu's action was filed on the 365th day, and the action in *Mattson* on day 366. *Mattson*, 967 F.2d at 262. Finally, the *Mattson* court's interpretation of Section 1692k(d) and statutes of limitations generally has been rejected repeatedly, and the single case it relied upon, *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980), has been overruled on the point. *See Bartlik v. Dept. of Labor*, 62 F.3d 163, 166, fn. 1 (6th Cir. 1993) (overruling *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980) and holding that "even if a statute of limitations is considered 'jurisdictional,' the application of Civil Rule 6(a) . . . does not expand our jurisdiction"); *Johnson v. Riddle*, 305 F.3d 1107, 1115 (10th Cir. 2002) (rejecting *Mattson* position on calculation of statute of limitations and collecting cases in agreement).

## Conclusion

In sum, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in Fajolu's favor, the Court finds that the complaint supports an inference that Fajolu may be able to establish a defense to the statute of limitations, and dismissal on that ground at this stage is not appropriate. Whether Fajolu can ultimately establish the defense requires consideration of evidence outside of the pleadings, and is more amenable to resolution on a motion for summary judgment. *Hillman*, 782 F.3d at 930 (timeliness issue more appropriate for summary judgment

or trial where a conceivable set of facts consistent with the complaint would defeat a statute of limitations defense). For the foregoing reasons, the Court denies Portfolio's motion to dismiss [13].

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: December 11, 2018